Lisa G. Salisbury, Esq. (SBN 172353)
Salisbury Group, Inc., a California corporation
3720 South Susan Street, Suite 110
Santa Ana, California 92704
Telephone: 714.957.2990
Fax: 714.557.2739
Email: Lsalisbury@salisburygroupinc.com

Attorney for Plaintiff,
Natale Mercuri

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
Western Division – Los Angeles

| | |
|---|---|
| Natale Mercuri, an Individual <br><br> Plaintiff, <br><br> v. <br><br> Occidental Tower Apartments, a business unknown, San Marcos Properties, a California General partnership, Christina Lim, an Individual; DOES 1-10, inclusive <br><br> Defendants. | Case No: 2:18-cv-09612-SVW-SS <br><br> FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR: <br> 1. VIOLATIONS OF TITLE VIII OF THE CIVIL RIGHTS ACT OF 1968 (FAIR HOUSING ACT). <br> 2. VIOLATIONS OF CAL.CIV.CODE §1941 <br><br> DEMAND FOR JURY TRIAL |

Plaintiff, Natale Mercuri, an Individual ("PLAINTIFF"), complains of Defendants Occidental Tower Apartments, a business unknown; San Marcos Properties, a California General partnership; Christina Lim; and Does 1-10 (collectively, "DEFENDANTS") and alleges as follows:

1
FIRST AMENDED COMPLAINT

## PARTIES

1. PLAINTIFF is an adult California resident in the county of Los Angeles. PLAINTIFF currently resides at the property commonly known as 336 South Occidental Boulevard, Unit 407 Los Angeles, California 90057 ("PROPERTY.")

2. PLAINTIFF is substantially limited in performing one or more major life activities including but not limited to walking, and standing. PLAINTIFF is also a holder of a Disabled Person Parking Placard. PLAINTIFF's Disabled Person Parking Placard is attached and incorporated herein as Exhibit "A." Letters from PLAINTIFF's doctors are attached and incorporated herein as Exhibit "B." With such disabilities, PLAINTIFF qualifies as a person protected under the Fair Housing Act.

3. PLAINTIFF is a resident in DEFENDANTS' apartment complex known as Occidental Tower Apartments, but was denied full and equal access and enjoyment of the parking facilities within the DEFENDANTS' apartment complex. Specifically, PLAINTIFF has requested to have his second parking space reinstated to reasonably accommodate PLAINTIFF so PLAINTIFF does not have to walk multiple blocks on a daily basis so he is able to park in the DEFENDANTS' parking garage; closer to his unit, as walking multiple blocks on a daily basis aggravates his disability. PLAINTIFF's disability severely impairs his ability to walk, causing emotional distress and turmoil when PLAINTIFF is forced to walk multiple blocks when he just wants to get home after parking his vehicle.

4. DEFENDANTS' parking garage has multiple available parking spaces, but DEFENDANTS have continued to deny PLAINTIFF's request for reasonable accommodations.

5. PLAINTIFF is informed and believes that other residents at Occidental Tower Apartments who have one bedroom apartments are given two parking spaces. PLAINTIFF is being treated in disparate fashion, as PLAINTIFF is limited to one parking space.

6. PLAINTIFF brings this action acting as a "private attorney general" as permitted under the 42 U.S. Code §3613 without the American tax payer(s) bearing the financial burden for such action.

7. DEFENDANTS' denial of full, independent, and equal access to its parking facility, and therefore its denial of its services offered is a violation of the 42 U.S. Code §3613(Fair Housing Act.)

8. PLAINTIFF is informed and believes that San Marcos Properties, a California General partnership owns and controls the business known as Occidental Tower Apartments located at 336 South Occidental Boulevard, Los Angeles, California 90057.

9. Maureen F. Binder, Esq., a general partner for San Marcos Properties, a California General Partnership is also a licensed California attorney (SBN 69550) and PLAINTIFF is informed and believes that Maureen F. Binder, Esq. is counsel for San Marcos Properties, a California General Partnership.

10. PLAINTIFF is informed and believes that the general partners for San Marcos Properties, a California General Partnership are: Charles W. Wolf, Maureen F. Binder, Esq., William P. Wolfe, and Therese A. Holz. A true and correct copy of the Amended Certificate of Limited Partnership for San Marcos Properties, a California General Partnership is attached and fully incorporated as set forth herein as Exhibit "C."

11. PLAINTIFF is informed and believes that Christina Lim, an individual is the Property Manager for the business known as Occidental Tower

Apartments located at 336 South Occidental Boulevard, Los Angeles, California 90057 and a resident of Los Angeles, California.

12. PLAINTIFF is informed and believes that Christina Lim, an individual also resides at Occidental Tower Apartments located at 336 South Occidental Boulevard, Los Angeles, California 90057.

13. PLAINTIFF does not know the true names of the DEFENDANTS, their business capacities, their ownership connection to the PROPERTY and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such DEFENDANTS.

14. PLAINTIFF is informed and believes that each of the DEFENDANTS herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. PLAINTIFF will seek leave to amend when the true names, capacities, connections, and responsibilities of the DEFENDANTS and Does 1 through 10, inclusive, are ascertained.

## JURISIDICTION AND VENUE

15. This court has subject matter jurisdiction over this action pursuant to Title VIII of the Civil Rights Act of 1968 (the Fair Housing Act).

16. This court has supplemental jurisdiction over PLAINTIFF's non-federal claims pursuant to 28 U.S.C. §1367, over PLAINTIFF's Cal. Civ. Code §1941 claims because the PLAINTIFF's claims are so related to the PLAINTIFF's federal claims in that they have the same nucleus of operative facts; arise out of the same transaction and/or occurrence; and are part of the same case or controversy as set forth under Article II of the United States Constitution. PLAINTIFF's state law claims involve the same DEFENDANTS and the same PROPERTY.

17. This court has personal jurisdiction over the DEFENDANTS because they conduct and continue to conduct a substantial and significant amount of business in the State of California, County of Los Angeles.  Furthermore, the DEFENDANTS' business aka the apartment complex exists in the State of California, County of Los Angeles.

18. Venue is proper in the Central District of California, Western Division pursuant to 28 U.S.C. §1391 because the PLAINTIFF resides within this district and DEFENDANTS currently conduct and continue to conduct a substantial and significant amount of business in this district. DEFENDANTS are subject to personal jurisdiction in this district, and a substantial portion of the conduct complained of herein occurred in this district.

## FACTUAL BACKGROUND

19. Since 2005, PLAINTIFF has continually resided at the PROPERTY, which is a one bedroom unit within the DEFENDANTS' apartment complex commonly known as Occidental Tower Apartments.

20. The PLAINTIFF is a beneficiary of the Los Angeles Rent Control Ordinance.

21. The PLAINTIFF resides with his girlfriend, Choi Yumi. The two have two vehicles and one parking spot.  At all times, both individuals have to park one vehicle outside the DEFENDANTS' parking garage multiple blocks away from PROPERTY.  This forces the PLAINTIFF to walk multiple blocks whenever he travels from the PROPERTY to the location of his vehicle, multiple blocks away exasperating and aggravating his disability and causing turmoil and extreme emotional distress.

22. On or about November 16, 2009, DEFENDANTS' agent, Ana Marie Donatelli, authorized in writing for PLAINTIFF to have two parking spaces in the DEFENDANTS' parking garage in order to accommodate his

disability. The signed November 16, 2009 letter is attached and fully incorporated as set forth herein as Exhibit "D."

23. On October 3, 2016, DEFENDANTS by and through their agent, Anne Angelico unilaterally told the PLAINTIFF that he would only be entitled to one parking space. Thereafter, LIM has continued to ensure that the PLAINTIFF is unable to utilize a second parking space via improper, discriminatory, and retaliatory tactics. DEFENDANTS' and LIM's rogue actions herein are a part of a pattern and practice of discriminatory and retaliatory behavior. LIM unilaterally denied PLAINTIFF access to his second parking space, and gave that parking space to the resident residing in Unit 408, another one bedroom apartment.

24. After a diligent search, PLAINTIFF is informed and believes that the DEFENDANTS do not possess any California Bureau of Real Estate license, but are performing brokerage activities by collecting rents, soliciting tenants, and negotiating leases.

25. From July 20, 2018 to August 2, 2018, over the course of three letters, PLAINTIFF, via counsel, has requested a second, additional parking space inside of the DEFENDANTS' parking garage. DEFENDANTS have ignored and refused to honor the PLAINTIFF's request for this reasonable accommodation. PLAINTIFF's counsel explained that the PLAINTIFF needed the second, additional parking space in order to reasonably accommodate PLAINTIFF's disability. PLAINTIFF's counsel provided DEFENDANTS with evidence of PLAINTIFF's disability.

26. On July 27, 2018, DEFENDANTS responded stating the PLAINTIFF's parking space would be merely reassigned, which did not resolve the issue. DEFENDANTS refused to provide a second, additional parking space.

27. The DEFENDANTS' public parking garage has open spaces that are available for use.

28. After DEFENDANTS received the first letter from PLAINTIFF's counsel dated July 20, 2018 requesting reasonable accommodations, PLAINTIFF began receiving phone calls from a company called, "Fast Evictions" on PLAINTIFF's landline, which is suspicious in that PLAINTIFF rarely gives out the number to his landline and this number to the landline is the only phone number that DEFENDANTS have for the PLAINTIFF. This appears to be harassment by DEFENDANTS in retaliation for PLAINTIFF asserting his right to request reasonable accommodations.

29. LIM has a pattern and practice of racial and national origin discrimination as she specifically targets the PLAINTIFF and the other minorities benefiting from the local rent stabilization ordinance. At various times, LIM has created rules and regulations for the Occidental Tower Apartments community that are specifically tailored to only effect the PLAINTIFF. For example, LIM routinely changes the date monthly rent is due without proper notice.

30. Thirty one (31) tenants of Occidental Tower Apartments have signed a petition stating they have felt discriminated and harassed by LIM.

31. DEFENDANTS have had ignored and refused to respond to the PLAINTIFF's reasonable repair requests. The DEFENDANTS have failed to fix an ongoing plumbing issue, replace the PLAINTIFF's carpeting after the PROPERTY flooded; and fix the air conditioner in the PROPERTY.

32. On or about September 16, 2018, PLAINTIFF visited the doctor at the emergency room because of bed bugs.

33. On or about September 17, 2018, PLAINTIFF notified LIM that he had recently been to the emergency room due to bed bugs. PLAINTIFF provided LIM with medical documentation to apprise her of what the doctor had told him about the bed bugs.

34. On or about September 17, 2018, LIM posted a notice on the PLAINTIFF's door stating she would be entering the PROPERTY the next day, between 8:00am and 10:00am to investigate, as well as to inform the PLAINTIFF to be present. However, on Wednesday September 18, 2018, LIM failed to show up to investigate, and failed to inform the PLAINTIFF of her non-appearance.  Eye witness testimony can confirm that PLAINTIFF was home on September 18, 2018 during the hours of 8:00am to 10:00am.  As a result, PLAINTIFF contacted the local health department, and an investigator is set to arrive on Monday, September 24, 2018.

35. PLAINTIFF is informed and believes that DEFENDANTS specifically target residents such as the PLAINTIFF who are disabled, a minority, or both.  As such, PLAINTIFF is informed and believes that DEFENDANTS specifically refuse to allow the PLAINTIFF full and complete access to PROPERTY because of PLAINTIFF's disability and ethnicity.

36. LIM is an agent of Defendants Occidental Tower Apartments, a business unknown; and San Marcos Properties, a California General partnership ("Owners") and as such the Owners are vicariously liable for LIM's acts and omissions through a theory of Respondeat Superior.  PLAINTIFF is informed and believes that the Owners have knowledge that LIM is a rogue property manager.

37. The PLAINTIFF has felt unbearable stress and anxiety due to the DEFENDANTS' actions.  As a result, the PLAINTIFF routinely sees a psychotherapist.

# FIRST CAUSE OF ACTION FOR VIOLATIONS OF TITLE VIII OF THE CIVIL RIGHTS ACT OF 1968 (THE FAIR HOUSING ACT)

38. PLAINTIFF re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this claim as though fully set forth herein.

39. The Fair Housing Act states it is unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of that person; or a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or any person associated with that person.

40. The Fair Housing Act states discrimination includes a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises, except that, in the case of a rental, the landlord may where it is reasonable to do so condition permission for a modification on the renter agreeing to restore the interior of the premises to the condition that existed before the modification, reasonable wear and tear excepted, and a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.

41. PLAINTIFF's lease states PLAINTIFF is to be provided one parking space. DEFENDANTS have specifically targeted PLAINTIFF by disparately perpetuating a policy of one unit, one bedroom throughout the apartment complex irrespective of other parking allocations for other nondisabled residents in one bedroom units.

42. The DEFENDANTS have failed to provide the PLAINTIFF with reasonable modifications in a way that would allow him to have the full enjoyment of the premises.
43. The DEFENDANTS have not only failed to provide the PLAINTIFF with reasonable modifications by denying the PLAINTIFF a second, additional parking space, but the DEFENDANTS had previously accommodated PLAINTIF with a second, additional parking space and unilaterally removed his second, additional parking space depriving PLAINTIFF of full enjoyment of the premises.
44. If DEFENDANTS were to provide the PLAINTIFF with a second, additional parking space, the DEFENDANTS would be making a minor modification to their rules and regulations of one vehicle for one bedroom units especially considering (a) other residents with one bedroom units have two parking spaces; (b) there are extra parking spaces in the DEFENDANTS' parking garage; and (c) PLAINTIFF has a valid disability.
45. The fact that the DEFENDANTS had previously authorized the PLAINTIFF to have a second, additional parking space as a result of PLAINTIFF's disability indicates providing the PLAINTIFF with an additional, parking space inside the DEFENDANTS' parking garage is a reasonable modification to DEFENDANTS' rules.
46. Furthermore, PLAINTIFF is informed and believes that it is a pattern and practice of DEFENDANTS especially LIM to specifically force residents who are disabled or a minority or both to move their cars from the parking garage.
47. PLAINTIFF requests reasonable attorney's fees and costs.

# SECOND CAUSE OF ACTION FOR VIOLATIONS OF CAL.CIV.CODE §1941

48. PLAINTIFF re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this claim as though fully set forth herein.

49. The PROPERTY is not in compliance with habitability standards, which is a direct result of DEFENDANTS' actions.

50. A dwelling shall be deemed untenantable for purposes of Section 1941 if it substantially lacks any of the following affirmative standard characteristics or is a residential unit described in Section 17920.3 or 17920.10 of the Health and Safety Code including but not limited to:
   1. Effective waterproofing and weather protection of roof and exterior walls, including unbroken windows and doors;
   2. Plumbing or gas facilities that conformed to applicable law in effect at the time of installation, maintained in good working order;
   3. A water supply approved under applicable law that is under the control of the tenant, capable of producing hot and cold running water, or a system that is under the control of the landlord, that produces hot and cold running water, furnished to appropriate fixtures, and connected to a sewage disposal system approved under applicable law;
   4. Heating facilities that conformed with applicable law at the time of installation, maintained in good working order;
   5. Electrical lighting, with wiring and electrical equipment that conformed with applicable law at the time of installation, maintained in good working order;
   6. Building, grounds, and appurtenances at the time of the commencement of the lease or rental agreement,
   7. and all areas under control of the landlord, kept in every part clean, sanitary, and free from all accumulations of debris, filth, rubbish, garbage, rodents, and vermin;
   8. An adequate number of appropriate receptacles for garbage and rubbish, in clean condition and good repair at the time of the commencement of the lease or rental agreement, with the

    landlord providing appropriate serviceable receptacles thereafter and being responsible for the clean condition and good repair of the receptacles under his or her control; and

9. Floors, stairways, and railings maintained in good repair.

51. When a Landlord has notice of alleged uninhabitable conditions not caused by the tenants themselves, the Landlord's breach of the implied warranty of habitability exists whether or not [the Landlord] has had a "reasonable time to repair. <u>Knight v. Hallsthammar (</u>1981) 171 Cal. Rptr. 707, 29 Cal.3d 46, 623 P.2d 268.

52. DEFENDANTS have failed to respond to multiple repair requests. LIM has refused to honor the PLAINTIFF's multiple repair requests between approximately December 2015 and August 2016.

53. On or about October 2016, The PLAINTIFF returned to the PROPERTY to find his apartment flooded. The DEFENDANTS agreed in writing to replace the carpet, but never did.

54. On or about October 3, 2016, DEFENDANTS stated they would replace the carpet with laminate only if the PLAINIFF signed a new lease. No carpet was ever replaced.

55. The plumbing in the PROPERTY is substandard, and presents an ongoing problem. There are multiple health complaints about the DEFENDANTS.

56. During August, 2018, the PROPERTY had a severe problem with the air conditioner. PLAINTIFF notified LIM of the problem. LIM failed to adequately resolve the problem.

57. During September, 2018, LIM was informed about a problem regarding bed bugs in the PROPERTY. LIM received confirmation from a doctor about this problem. LIM failed to investigate the issue, even after providing notice that she would enter the PROPERTY and investigate. To date, LIM has failed to cure the issue with the bed bugs.

**PRAYER**

58. A Preliminary and permanent injunction enjoining DEFENDANTS from further violations of the Fair Housing Act with respect to the operation of their business and accompanying property.

59. In addition, a preliminary and permanent injunction that requires DEFENDANTS to provide the PLAINTIFF with a second, additional parking space as close to his unit as possible on the PROPERTY inside the DEFENDANTS' parking garage.

60. For Compensatory damages including but not limited to actual damages, out of pocket expenses, and emotional distress damages.

61. For Statutory damages and punitive damages under all applicable laws including but not limited to the Fair Housing Act.

62. For attorney's fees and costs pursuant to all applicable laws including without limitation to Fair Housing Act;

63. For Pre-Judgment interest to the extent permitted by law;

64. For costs of suit; and

65. For such other and further relief as this court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, Natale Mercuri, hereby demands a trial by jury.

Dated: December 21, 2018

Respectfully Submitted,
**Salisbury Group, Inc., a California corporation**

By: /s/ *Lisa G. Salisbury, Esq.*
Attorneys for Plaintiff,
Natale Mercuri