UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-09612-SVW-SS | Date | May 20, 2019 |
| Title | *Natale Mercuri v. Occidental Tower Apartments, et al.* | | |

JS-6

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [38] AND *SUA SPONTE* DISMISSING THE REMAINING CLAIM

**I.  Introduction**

On November 14, 2018, Plaintiff Natale Mercuri filed this civil action against Defendants Occidental Tower Apartments, San Marcos Properties, and Christina Lim, seeking relief for alleged violations of the Fair Housing Act ("FHA") and Cal. Civ. Code § 1941. Dkt. 1. On April 4, 2019, Defendants filed the instant Motion for Summary Judgment on the FHA claim. Dkt. 38.

**II.  Factual Background**

The relevant facts are generally undisputed. Defendants own and/or manage the property located at 336 South Occidental Boulevard in Los Angeles. Dkt. 42 ¶ 1. Plaintiff leases a one-bedroom apartment at the property from Defendants with a co-occupant, Choi Yumi. *Id.* ¶ 2. Plaintiff's lease states that Plaintiff is to be provided with one parking space. *Id.* ¶ 3. Defendants have provided Plaintiff one parking space for Plaintiff's one-bedroom unit. *Id.* ¶ 4. Plaintiff has chosen to assign his parking space to his girlfriend. *Id.* ¶ 5.

: 

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09612-SVW-SS | Date | May 20, 2019 |
|---|---|---|---|
| Title | *Natale Mercuri v. Occidental Tower Apartments, et al.* | | |

### III. Legal Standard

Summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of . . . [the factual record that] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party satisfies its initial burden, the non-moving party must demonstrate with admissible evidence that genuine issues of material fact exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986) ("When the moving party has carried its burden under Rule 56 . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.").

A material fact for purposes of summary judgment is one that "might affect the outcome of the suit" under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* A court must draw all inferences from the facts in the non-movant's favor, *id.* at 255, but when the non-moving party's version of the facts is "blatantly contradicted by the record, so that no reasonable jury could believe it, [the] court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### IV. Analysis

#### A. Fair Housing Act Claim

##### 1. Law

42 U.S.C. § 3604 provides that "it shall be unlawful . . . [t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of . . . that buyer or renter." 42 U.S.C. § 3604(f)(1)(A).

"Discrimination" is defined by the statute in several ways, although only two are relevant here. First, "discrimination includes . . . a refusal to permit, at the expense of the handicapped person,

                                                                                                                                                          :

Initials of Preparer       PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09612-SVW-SS | Date | May 20, 2019 |
|---|---|---|---|

| Title | *Natale Mercuri v. Occidental Tower Apartments, et al.* |
|---|---|

reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises . . . ." 42 U.S.C. § 3604(f)(3)(A). Second, "discrimination includes . . . a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

    2.    Analysis

        a.    *Subsection (f)(3)(A)*

There was apparently some confusion between the parties as to the specific subsection of the FHA under which Plaintiff brings his FHA claim. The Complaint quotes the text of Subsection (f)(3)(A). *See* Dkt. 1 ¶ 39. Thus, Defendants' motion for summary judgment focused on Subsection (f)(3)(A). However, in his opposition brief, Plaintiff rejected the notion that he was bringing a claim under Subsection (f)(3)(A), stating that the "issue on the table is whether or not DEFENDANTS are in full compliance with . . . 42 U.S.C.A. § 3604(f)(3)(B)." Dkt. 41 at 4. Indeed, the opposition brief makes no reference to Subsection (f)(3)(A). Thus, to the extent that the Complaint could have been interpreted to bring a claim under Subsection (f)(3)(A), Plaintiff has clarified that he does not bring such a claim.[1]

        b.    *Subsection (f)(3)(B)*

To prevail on a Subsection (f)(3)(B) claim, "a plaintiff must prove all of the following elements: (1) that the plaintiff or his associate is handicapped within the meaning of 42 U.S.C. § 3602(h); (2) that the defendant knew or should reasonably be expected to know of the handicap; (3) that accommodation of the handicap may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that defendant refused to make the requested accommodation." *Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006).

---

[1] In his separate Statement of Genuine Disputes, Plaintiff states that Subsection (f)(3)(A) is "not even applicable." Dkt. 42 ¶ 6.

Initials of Preparer : PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09612-SVW-SS | Date | May 20, 2019 |
|---|---|---|---|
| Title | *Natale Mercuri v. Occidental Tower Apartments, et al.* | | |

In the instant motion, Defendants primarily contest the third element. In particular, Defendants note three undisputed facts: first, only Plaintiff—and not his girlfriend[2]—has a disability; second, Defendants have provided Plaintiff a parking space in his building; and third, Plaintiff permits his girlfriend to park in the space provided by Defendants and, consequently, does not park in the building himself. According to Defendants, these three facts are sufficient to establish that no additional accommodation of Plaintiff's handicap is necessary to afford him an equal opportunity to use and enjoy the dwelling.

The Court agrees. Plaintiff does not explain, even after being afforded several opportunities to do so, why Plaintiff—given only he has a disability—cannot use the parking space provided by Defendants in the building, leaving his girlfriend to park elsewhere. Thus, a reasonable jury could only infer that Plaintiff has made a choice to park elsewhere and to let his girlfriend use the parking space provided by Defendants. Plaintiff's requested accommodation would provide him with a second parking space, and Plaintiff has failed to provide any evidence that a second parking space is "necessary" to afford him an "equal opportunity to use and enjoy" his apartment. *Dubois*, 453 F.3d at 1179. Rather, the undisputed evidence shows only that a single parking space is necessary to accommodate Plaintiff's handicap.[3] A second parking space, while certainly desirable and valuable, would serve as a convenience to Plaintiff's girlfriend.[4] Thus, it is not necessary to accommodate Plaintiff's handicap.

Plaintiff makes several arguments in opposition, none of which is persuasive. First, Plaintiff argues that "it was not PLAINTIFF's 'choice' to 'assign' the one parking space to his co-occupant" and that "PLAINTIFF's debilitating disease is not a choice." Dkt. 41 at 10. Plaintiff further contends that,

---

[2] It is not entirely clear whether Plaintiff disputes that his co-occupant is also his girlfriend, but this ambiguity does not affect the analysis.

[3] The purpose of any accommodation would be to allow Plaintiff to park close to his apartment in order to mitigate the effect of his handicap. However, a second space would not effectuate this purpose; after all, Plaintiff cannot park and walk from two different parking spaces at the same time.

[4] A requested accommodation is not "necessary" when it provides a "personal benefit" related to an "economic concern" rather than a "therapeutic concern." *Sanghvi v. City of Claremont*, 328 F.3d 532, 538 (9th Cir. 2003).

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09612-SVW-SS | Date | May 20, 2019 |
|---|---|---|---|

| Title | *Natale Mercuri v. Occidental Tower Apartments, et al.* |
|---|---|

"[a]s a result of DEFENDANT's [sic] unlawful conduct, PLAINTIFF is forced to share one parking spot and with highly restrictive street parking, PLAINTIFF is forced to walk multiple blocks despite severe trouble walking just to get to and from the PROPERTY." *Id.* This argument is unavailing because it conflates the existence of Plaintiff's disability with Plaintiff's apparent decision to permit his girlfriend to use the parking space provided by Defendants.

Second, Plaintiff argues that Defendants used to provide Plaintiff with a second parking space, which Plaintiff considered a reasonable accommodation, but later reversed that decision. *Id.* at 11. However, as discussed above, even if the second parking space was a reasonable accommodation, it was not necessary.[5]

Third, Plaintiff relies on the "equal opportunity" language in Subsection (f)(3)(B) to argue that "DEFENDANTS have arbitrarily provided other non-disabled, non-Italian occupants residing in one bedroom apartments with two parking spaces." *Id.* at 9. However, such an allegation of discrimination is not relevant to the question of whether an accommodation of Plaintiff's handicap in the form of a second parking space is necessary.[6] Fourth, and relatedly, Plaintiff argues that Plaintiff's counsel is in the process of interviewing additional witnesses who "have personal knowledge of the Defendants['] . . . discriminating against the Plaintiff on the basis of disability, his status as a long term tenant, and as a result of the Plaintiff's Italian decent [sic]." Dkt. 41-5 ¶ 14. This is an argument that consideration of the motion should be deferred under Federal Rule of Civil Procedure 56(d). However, additional evidence provided by witnesses who have the knowledge described by Plaintiff would not bear on the question of whether a second parking space is a necessary accommodation. Thus, the Court need not defer consideration of the instant motion. *See Tatum v. City and Cty. of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006) ("Absent a showing by [the plaintiff] that additional discovery would have revealed specific facts precluding summary judgment, the district court did not abuse its discretion by denying

---

[5] Plaintiff also contends that Defendants had "no legal grounds for their subsequent revocation" of the second parking space. *Id.* This assertion is broader than the question before the Court, which is whether Defendants violated the FHA.

[6] However, this type of allegation could give rise to an equal protection claim.

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09612-SVW-SS | Date | May 20, 2019 |
|---|---|---|---|
| Title | *Natale Mercuri v. Occidental Tower Apartments, et al.* | | |

[the plaintiff's] request for a continuance under [then-]Rule 56(f).").

Lastly, Plaintiff cites a Second Circuit case in which a plaintiff who suffered from a disability sued her landlord, arguing that its "refusal to provide her with an immediate parking space violated" Section 3604(f). *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 330-31 (2d Cir. 1995). The court affirmed the district court's order requiring the landlord to provide the plaintiff with a parking space in the building's parking garage.[7] *Id.* at 331, 335-36. However, that case is distinguishable in that the plaintiff in *Shapiro* did not have any parking space before she brought her action and was requesting a single space; by contrast, Plaintiff is seeking a second parking space. The instant case would be different if Plaintiff, like the plaintiff in *Shapiro*, were not already entitled to a parking space.

**B.     State-Law Claim**

Plaintiff asserted jurisdiction for his other claim, for violations of Cal. Civ. Code § 1941, under the supplemental jurisdiction statute. *See* Dkt. 1 ¶ 16; 28 U.S.C. § 1367. Because the Court has dismissed all claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining claim, which does not arise under federal law. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction.").

---

[7]     The court made a helpful reference to 24 C.F.R. § 100.204(b), a regulation promulgated by the Department of Housing and Urban Development that provides an example of a "reasonable accommodation." The example "posits a building with 300 apartments and 450 parking spaces available on a first-come/first-served basis, and states that the duty to make 'reasonable accommodations' obligates the building management to reserve a parking space for a mobility-impaired tenant near that tenant's apartment. It explains the reason for this as follows: 'Without a reserved space, [the tenant] might be unable to live in [the apartment] at all or, when he has to park in a space far from his unit, might have difficult getting from his car to his apartment unit. The accommodation therefore is necessary to afford [the tenant] an equal opportunity *to use and enjoy a dwelling*.'" *Id.* (quoting 24 C.F.R. § 100.204(b) (emphasis in original)). This example demonstrates the fatal flaw in Plaintiff's argument: Plaintiff has a parking space in his building and has offered no explanation as to why he cannot use that space himself and is instead required to park far from his unit.

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09612-SVW-SS | Date | May 20, 2019 |
|---|---|---|---|
| Title | *Natale Mercuri v. Occidental Tower Apartments, et al.* | | |

**V.  Conclusion**

For the above reasons, the Court GRANTS Defendants' motion for summary judgment and DISMISSES the FHA claim. Furthermore, the Court *sua sponte* DISMISSES the state-law claim. The case is closed.

IT IS SO ORDERED.

                                                                                                                        : 

Initials of Preparer      PMC