FILED

MAY 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATALE MERCURI, an individual, | No.   19-55884 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-09612-SVW-SS |
| v. | |
| OCCIDENTAL TOWER APARTMENTS, a business unknown; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted May 6, 2020[**]

Before:   BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Natale Mercuri appeals pro se from the district court's summary judgment in his Fair Housing Act ("FHA") action against his landlord, Occidental Tower Apartments.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2011).  We affirm.

The district court properly granted summary judgment on Mercuri's claim under 42 U.S.C. § 3604(f)(3)(B) because Mercuri failed to raise a genuine dispute of material fact as to whether Occidental violated the FHA by providing only one parking pass for Mercuri and his co-occupant.  See *Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006) (under 42 U.S.C. § 3604(f)(3)(B), a plaintiff must show that the accommodation "may be necessary to afford [him] an equal opportunity to use and enjoy the dwelling").

We do not consider Mercuri's claims under 42 U.S.C. § 3604(f)(2) because they were not raised before the district court.  See *Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (explaining that while "[n]o 'bright line' exists to determine whether an issue has been properly raised below . . . 'a workable standard is that the issue must be raised sufficiently for the trial court to rule on it'"(citation omitted)).

We do not consider Mercuri's state law claims arising under California's habitability laws because Mercuri failed to raise them in his opening brief.  See *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (concluding pro se appellant abandoned issues not argued in his opening brief).

**AFFIRMED.**